UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COOLERIDGE BELL BEY, *Pro Se*, ) | Case No.: 1:20 CV 1885 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| RASHEED OF UNITED CAB ) | |
| COMPANY, ) | |
| ) | MEMORANDUM OF OPINION |
| Defendant ) | AND ORDER |

*Pro Se* Plaintiff Cooleridge Bell Bey, a New York resident, has filed an *in forma pauperis* complaint in this matter against "Rasheed of United Cab Company." (Doc. No. 1.) Plaintiff alleges that while he was in Ohio, he made a reservation for a ride to the Amtrak train station and was told by a dispatcher that Rasheed would pick him up at 5:00 a.m. on June 11, 2020. (*Id*. at 3-4.) Rasheed, however, "disappointed" him by ignoring his calls and those of the dispatch and allegedly cost the Plaintiff "a few thousand dollars." (*Id*. at 4.) Although his complaint does not allege a specific cause of action, the relief it seeks is $2000 for lost work due to Rasheed's "lack of accountability" and "delinquency." (*Id.* at 5.)

Federal courts are courts of limited jurisdiction. They "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ.

P. 12(h)(3).

Upon review, the court finds that Plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction. A federal court's jurisdiction is limited to those cases that present either a federal question (federal question jurisdiction), or a dispute between parties of different states (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Diversity jurisdiction exists when the plaintiff presents a claim between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Plaintiff's complaint presents neither a cognizable federal question, nor a claim over which the court may exercise diversity jurisdiction. The face of the complaint does not suggest a federal question. And it does not assert a claim satisfying the $75,000 amount-in-controversy requirement necessary for an exercise of federal diversity jurisdiction.

## Conclusion

Accordingly, there being no claim asserted in the Plaintiff's complaint over which the court may exercise subject-matter jurisdiction, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). The court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

IT IS SO ORDERED.

                                         */s/ SOLOMON OLIVER, JR.*
                                         UNITED STATES DISTRICT JUDGE

November 30, 2020